UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DOUGLAS MORRISON,<br>Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br>Respondent. | Case No. 1:26-cv-00359-KES-FJS (HC)<br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER<br>(ECF No. 1)<br><u>FOURTEEN (14) DAY DEADLINE</u> |

## I. BACKGROUND

Plaintiff James Douglas Morrison ("Petitioner") is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On June 22, 2026, Respondent filed a motion to dismiss the petition. (ECF No. 21.) Following Petitioner's failure to file an opposition, the court issued an order for Petitioner to show cause why the action should not be dismissed. (ECF No. 22.) Petitioner was provided the opportunity to comply with the court's order by filing an opposition or statement of non-opposition to the motion to dismiss. Petitioner was warned that failure to comply with the court's order or to file an opposition to the pending motion to dismiss would result in a recommendation of dismissal of this action. (*Id.*)

Petitioner failed to submit any response to the motion to dismiss and has not otherwise communicated with the court regarding this action.

## II. DISCUSSION

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the court must consider several factors: (1) the public's interest in expeditions resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, the action has been pending since January 2026, and Petitioner's response to Respondent's motion to dismiss is overdue. The court alerted Petitioner to the need to respond to Respondent's motion to dismiss. Plaintiff did not file an opposition or otherwise respond to the court's order. Petitioner was warned that his failure to comply with the court's order would result in dismissal of this action. Plaintiff failed to comply. The court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal of this action.

The third factor—risk of prejudice to defendant—also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). Yet "this factor lends little support to a party whose

responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Such is the case here.

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives requirement." *Henderson*, 779 F.2d at 1424. The court's August 14, 2026, order to show cause expressly warned Petitioner that if he failed to comply with that order, the undersigned would recommend that this matter be dismissed. (ECF No. 22 at 2.) Thus, Petitioner had adequate warning that dismissal of this action could result from his noncompliance. At this stage in the proceedings there is little available to the court that would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Petitioner is proceeding *in forma pauperis* in this action, making monetary sanctions of little use. Further, the preclusion of evidence or witnesses is likely to have no effect given that Petitioner has ceased litigating this case.

In summary, Petitioner is no longer prosecuting this action, and the court cannot afford to expend resources resolving an unopposed dispositive motion in a case which Petitioner is no longer prosecuting.

III. RECOMMENDATION

Accordingly, the court HEREBY RECOMMENDS that the petition for writ of habeas corpus be dismissed, without prejudice, based on Petitioner's failure to prosecute and failure to obey a court order. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **September 25, 2026**

UNITED STATES MAGISTRATE JUDGE